IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GUAN-HUA QIANG,                          :
                                         :
        Petitioner,                      :
                                         :
    vs.                                  :   CIVIL ACTION NO. 3:06-1508
                                         :   (JUDGE KOSIK)
THE DISTRICT DIRECTOR FOR                :
IMMIGRATION CUSTOMS                      :
ENFORCEMENT, THE DEPARTMENT              :
OF HOMELAND SECURITY, THE                :
ATTORNEY GENERAL OF THE                  :
UNITED STATES, and WARDEN                :
THOMAS HOGAN,                            :
                                         :
        Respondents.                     :

## MEMORANDUM

Before the court is the November 2, 2006, Report and Recommendation of Magistrate Judge J. Andrew Smyser recommending that we substitute the proper respondent and transfer the petition for writ of habeas corpus to the United States District Court for the District of New Mexico.  (Doc. 10).  For the reasons which follow, we will decline to adopt the Report and Recommendation of the Magistrate Judge and dismiss the petition without prejudice.

## I.    FACTUAL HISTORY

Guan-Hua Qiang ("Petitioner") is an alien who was in the custody of the United States Bureau of Immigration and Customs Enforcement.  He filed the above captioned action pursuant to 28 U.S.C. § 2241, on August 3, 2006, in this district.  As of that date, Petitioner was no longer held at the facility within the district.  While the petition itself claimed that Petitioner was held at York County Prison, the envelope used to mail the

petition displayed a return address of Albuquerque, New Mexico.

Respondents filed a motion for extension of time to answer the petition.  The Magistrate Judge granted the motion and respondents filed a response (Doc. 9) to the petition on September 13, 2006.  They asserted that Petitioner was detained in York County Prison in early 2006, but that he had since been transferred to several other prisons.  The respondents alleged that at the time he filed his petition, Petitioner was in custody in New Mexico.  Accordingly, the respondents asked this court to dismiss the petition for want of personal jurisdiction.

Petitioner never filed a reply to the response.  On November 2, 2006, Magistrate Judge Smyser filed a Report and Recommendation, suggesting that we substitute the warden of the Bernalillo County Detention Center in Albuquerque as the proper respondent and transfer the petition to the United States District Court for the District of New Mexico. The Report and Recommendation was mailed to the Petitioner at the Bernalillo County Detention Center in Albuquerque.  The Report and Recommendation was returned to this court.  The envelope indicated that Petitioner had been released.  Petitioner has not provided this court with a forwarding address.

## II.   STANDARD OF REVIEW

If no objections are filed to a magistrate judge's Report and Recommendation, the Court need not conduct a *de novo* review of the plaintiff's claims. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S.Ct. 466 (1985).  Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. *Henderson v. Carlson*, 812 F.2d 874, 878 (3rd Cir. 1987)

2

### III.    DISCUSSION

The Supreme Court opinion of *Rumsfeld v. Padilla*, 124 S.Ct. 2711 (2004), clarified many jurisdictional issues unique to habeas corpus petitions.[1]  In *Padilla*, accused terrorist Jose Padilla was initially detained in federal custody in New York pursuant to a warrant issued by the United States District Court for the Southern District of New York.  *Id.* at 2715.    The  President  subsequently  issued  an  order  to  the  Secretary  of  Defense designating Padilla as an enemy combatant and directing the Secretary to detain him in military custody.  Padilla was then transferred to a naval brig in South Carolina.  After his transfer, Padilla filed a federal habeas petition in the Southern District of New York against President Bush, Secretary Rumsfeld, and Melanie Marr, Commander of the Consolidated Naval Brig.  The Government moved to dismiss, asserting that Commander Marr, as the petitioner's immediate custodian, was the only proper respondent, and that the Southern District lacked jurisdiction over Commander Marr.  *Id.* at 2716.  On appeal from the Second Circuit, the Supreme Court held that the Southern District of New York lacked jurisdiction to hear the habeas petition and remanded the matter for entry of an order of dismissal without prejudice.  *Id.* at 2727.  Specifically, the Court held that Commander Marr, and not Secretary Rumsfeld, was the proper respondent under the habeas statute, and that the Southern District never acquired jurisdiction over Padilla's petition due to the fact that Padilla had been transferred out of the district prior to its being filed.  *Id.* at 2721.

---

[1]

"Jurisdiction"  is  capable  of  different  interpretations  and  is  used  with  distinct meanings depending on the issue at hand.   The Supreme Court noted this in *Padilla*.  *Id.* at n.7.   In this instance the word is not employed to signify subject-matter jurisdiction, but rather the more general connotation found in the habeas statute itself, 28 U.S.C. § 2241(a).

The Chief Justice's majority opinion reaffirmed the established "immediate custodian" and "district of confinement" rules by holding that, in general, a habeas petition must be brought against the petitioner's immediate custodian in the federal district within which the petitioner's custodian lies. *Id.* at 2717-18. The habeas statute "straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over the petitioner.'" *Id.* at 2717, citing 28 U.S.C. § 2242 (other citations omitted). The habeas provisions "contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Id.* (emphasis in original) (internal quotations and citations omitted).

Significantly, habeas jurisdiction, is not equivalent to general personal jurisdiction. The former is defined by a district court's geographic territory, while the latter is dependent upon a defendant's presence in, or minimum contacts with, a particular state. The majority opinion explained, "[i]n habeas challenges to *present* physical confinement, . . . the district of confinement is *synonymous* with the district court that has territorial jurisdiction over the proper respondent. This is because, as we have held, the immediate custodian rule applies to core habeas challenges to present physical custody." *Padilla*, 124 S.Ct. at 2723 (emphasis in original).

Narrow exceptions to the immediate custodian rule do exist. As the Supreme Court noted in *Padill*a, the immediate custodian rule does not apply when a prisoner is transferred out of a judicial district *after* he has filed a petition for writ of habeas corpus with the district court. *Padilla*, 124 S.Ct. at 2721, citing *Ex parte Endo*, 323 U.S. 283, 65 S.Ct.

4

208 (1944).  In such an instance, the district court in which the petition was filed retains jurisdiction over the case despite the fact that the prisoner, and his immediate custodian, lie in another federal district.  *Id.*  The Chief Justice's opinion distinguished the situation presented in *Padilla* from the *Endo* rule by noting that the *Padilla* petitioner filed the habeas petition after he was transferred to a facility within the territorial jurisdiction of another district court.  *Id.* at 2727.  The Supreme Court held that the petition filed after a transfer to another district should be dismissed without prejudice when it is filed in the district within which the petitioner used to be held.  *Id.*

Like Padilla, Petitioner filed his petition for writ of habeas corpus in one district after he had been transferred to another.  The *Padilla* opinion instructs this court to dismiss the instant petition without prejudice.  We find dismissal without prejudice further supported by the fact that Petitioner appears to have been released from county prison in Albuquerque, New Mexico.  If Petitioner has indeed been released, his claim for habeas relief is rendered moot.  *See DeFoy v. McCullough*, 393 F.3d 439, 441 (3d Cir. 2005), ("petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition") (citing *Lane v. Williams*, 455 U.S. 624, 631 (1982)).  There is insufficient evidence to conclude with certainty that Petitioner was released from the custody of the Bureau of Immigration and Customs Enforcement. Accordingly, we are reticent to dismiss the petition with prejudice.  Rather, we will dismiss the instant petition without prejudice to refiling in the event that Petitioner is still in the custody of the Bureau of Immigration and Customs Enforcement in an as yet unknown prison.

**IV.      CONCLUSION**

We decline to adopt the Report and Recommendation of Magistrate Judge Smyser.

Rather, we will dismiss the instant petition for writ of habeas corpus without prejudice.   An

appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GUAN-HUA QIANG,                              :
                                             :
        Petitioner,                          :
                                             :
        vs.                                  :   CIVIL ACTION NO. 3:06-1508
                                             :   (JUDGE KOSIK)
THE DISTRICT DIRECTOR FOR                    :
IMMIGRATION CUSTOMS                          :
ENFORCEMENT, THE DEPARTMENT                  :
OF HOMELAND SECURITY, THE                    :
ATTORNEY GENERAL OF THE                      :
UNITED STATES, and WARDEN                    :
THOMAS HOGAN,                                :
                                             :
        Respondents.                         :

## <u>ORDER</u>

AND NOW, this 20th day of DECEMBER 2006, IT IS HEREBY ORDERED THAT:

[1] we decline to adopt the Report and Recommendation of Magistrate Judge J. Andrew Smyser dated November 2, 2006 (Doc. 10);

[2] the petition for writ of habeas corpus (Doc. 1) is dismissed without prejudice;

[3] the Clerk of Court is directed to close this case and forward a copy of this Memorandum and Order to United States Magistrate Judge J. Andrew Smyser; and,

[4] based on the court's conclusions herein, there is no basis for the issuance of a certificate of appealability.

_____
                                        s/Edwin M. Kosik_____
                                        United States District Judge